PAUL K. CHARLTON
United States Attorney
District of Arizona

Glenn B. McCormick
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Arizona State Bar No. 013328
Telephone (602) 514-7500

FILED X LODGED RECEIVED COPY
JAN - 7 2005
CLERK U S DISTRICT COURT DISTRICT OF ARIZONA BY [signature] DEPUTY

X FILED LODGED RECEIVED COPY
AUG 0 7 2006
CLERK U S DISTRICT COURT DISTRICT OF ARIZONA BY ____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, Plaintiff, v. 2. Juan Felix, Defendant. | CR-04-0403-PHX-ROS **PLEA AGREEMENT** Sentencing Guidelines Are Applicable) |

Plaintiff, United States of America, and defendant, JUAN FELIX, hereby agree to the following disposition of this matter:

## PLEA

Defendant will plead guilty to Count One of the indictment charging defendant with a violation of Title 21, United States Code, Section 846, 841(a)(1) and (b)(1)(A)(viii), Conspiracy to Possess With Intent to Distribute 500 grams or more of Methamphetamine, a class A felony offense.

## TERMS

Defendant understands that the guilty plea is conditioned upon the following terms, stipulations, and requirements:

1. **MAXIMUM PENALTIES**

a. A violation of Title 21, United States Code, Section 846, 841(a)(1) and (b)(1)(A)(viii), is punishable by a maximum fine of $4,000,000.00, a term of imprisonment

cc: AUSA McCormick / T. Jacobs / PB
MW 1/7/05

ranging from a minimum of ten (10) years to a maximum of life, or both and a term of supervised release of not less than 5 years.

b. According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the court shall:

(1) Order the defendant to make restitution to any victim of the offense unless, pursuant to Title 18, United States Code, Section 3663 and Section 5E1.1 of the Guidelines, the court determines that restitution would not be appropriate in this case;

(2) Order the defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section 3611 and Section 5E1.2(e) of the Guidelines, the defendant establishes the applicability of the exceptions found therein;

(3) Order the defendant, pursuant to Title 18, United States Code, Section 3583 and Section 5D1.1 and 2 of the Guidelines to serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed, and the court may impose a term of supervised release in all other cases.

c. Pursuant to Title 18, United States Code, Section 3013, the court is required to impose a special assessment on the defendant of $100.00. The special assessment is due at the time the defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.

d. Pursuant to 21 U.S.C. Section 862, a conviction can result in the defendant and his family losing eligibility for certain welfare, food stamp and social security benefits.

///

///

///

**2. AGREEMENTS REGARDING SENTENCING**

a. Defendant waives his/her right, if any, to have a jury make factual findings beyond a reasonable doubt with respect to upward adjustments or upward departures under the United States Sentencing Guidelines. Defendant agrees that the Court can determine any such facts at sentencing, based on a consideration of all reliable evidence, including hearsay, under a beyond a reasonable doubt standard.

b. Recommendation: Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend that the defendant be sentenced to the low end of the guidelines.

c. Defendant understands that the court is neither a party to nor bound by this agreement and specifically that the United States' recommendation is not binding on the court, and the court may impose any sentence provided for by law. Defendant further understands that if the court imposes a sentence different from what the United States recommends the defendant will not be permitted to withdraw the guilty plea.

d. Other Agreements: The government will take no position regarding any adjustments to the guideline calculation for the defendant's role in the offense.

e. The United States retains the unrestricted right to make any and all statements it deems appropriate to the Probation Office and to make factual and legal responses to any statements made by the defendant or defense counsel or objections to the presentence report or to questions by the court at the time of sentencing.

f. Acceptance of Responsibility

Assuming the defendant makes full and complete disclosure to the Probation Department of the circumstances surrounding the defendant's commission of the offense, if the defendant is eligible for the two-point reduction pursuant to Section 3E1.1 of the Guidelines and, if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, and provided defendant accepts the terms of this agreement no later than January 4, 2005,_ the United States will recommend a three-point reduction in the applicable sentencing guideline offense level, pursuant to Section 3E1.1 of the Guidelines.

g. Criminal History Options This plea agreement is expressly conditioned upon the accuracy of the defendant's criminal history as known by the government at the time of the plea. The discovery of any criminal history in addition to that known shall entitle the government to withdraw from this agreement. The only criminal history the government is aware of is a prior felony conviction for Theft of a Means of Transportation from December 28, 2000.

## 3. AGREEMENT TO DISMISS OR NOT TO PROSECUTE

a. Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States will dismiss count 2 as to this defendant.

b. This agreement does not, in any manner, restrict the actions of the United States in any other district nor bind any other United States Attorney's Office.

## 4. WAIVER OF DEFENSES AND APPEAL RIGHTS

a. The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment or information or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant (including any constitutional claims pursuant to ***Blakely v. Washington***, 124 S. Ct. 2531 (2004) and the procedures that must be applied to determine a sentence under the Sentencing Guidelines that are waived pursuant to paragraph 3 above), providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case.

b. The United States likewise will waive its right to appeal the sentence imposed by the court and the manner in which the court determines the defendant's sentence, as long as the sentence is consistent with the terms of this agreement.

**5. PERJURY AND OTHER FALSE STATEMENT OFFENSES OR OTHER OFFENSES**

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by defendant after the date of this agreement. Any information, statements, documents, and evidence which defendant provides to the United States pursuant to this agreement may be used against the defendant in all such prosecutions.

**6. REINSTITUTION OF PROSECUTION**

If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act or constitutional restrictions in bringing of the later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial or proceeding as permitted by Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410.

**7. DISCLOSURE OF INFORMATION TO U.S. PROBATION OFFICE**

a. Defendant understands the United States' obligation to provide all information in its file regarding defendant to the United States Probation Office.

b. The defendant will cooperate fully with the United States Probation Office. Such cooperation will include truthful statements in response to any questions posed by the Probation Department **including, but not limited to**:

**(1) All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.**

**(2) All financial information, e.g., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.**

**(3) All history of drug abuse which would warrant a treatment condition as part of sentencing.**

**(4) All history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.**

## 8. FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS

a. Nothing in this agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture.

b. Further, this agreement does not preclude the United States from instituting any civil or administrative proceedings as may be appropriate now or in the future.

## ELEMENTS OF THE OFFENSE

I understand that in order to be found guilty of Conspiracy to Possess with Intent to Distribute 500 grams or more of Methamphetamine, the government must be able to prove each of the following elements of that crime beyond a reasonable doubt:

a. On or about April ~~24~~ 31, 2004, within the District of Arizona, there was an agreement between two or more persons to commit the crime of Possession with Intent to Distribute 500 grams or more of Methamphetamine; and

b. I became a party to this agreement knowing of its purpose and intending to help accomplish it.

## FACTUAL BASIS

I further admit that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

On April 21, 2004, I went with Efrain Yanez and Medardo Chavez-Burgos to 43rd Avenue and McDowell, in Phoenix, Arizona, for the purpose of showing a man a one pound sample of methamphetamine. I later found out that the man was a cooperating source (CS) working with Drug Enforcement Administration special agents to investigate drug trafficking organizations. I knew that Efrain Yanez had been negotiating with the man to sell a large quantity of methamphetamine. Later that same day I rode along with Medardo and another man to a location where the CS and Efrain Yanez were waiting. I was aware that there was five (5) pounds of methamphetamine our vehicle and that our purpose was to show the CS the five (5) pounds of methamphetamine in anticipation of the CS inspecting it and agreeing to purchase it. After the CS inspected the five (5) pounds of methamphetamine, Efrain Yanez remained with the CS and we drove to a car audio shop called "Mr. Audio". While we were at "Mr. Audio" law enforcement officers arrived, arrested Medardo and me, and seized the five (5) pounds of methamphetamine. I further admit that the qualitative analysis of the five pounds of methamphetamine indicates that it was 47 percent pure and had an actual weight, as opposed to the weight of the mixture, of 1051 grams or 1.051 Kilograms of pure methamphetamine.

I understand that I will have to swear under oath to the accuracy of this statement, and if I should be called upon to testify about this matter in the future, any intentional material inconsistencies in my testimony may subject me to additional penalties of perjury or false swearing which may be enforced by the United States under this agreement.

## DEFENDANT'S APPROVAL AND ACCEPTANCE

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence will be determined according to the guidelines promulgated pursuant to the Sentencing Reform Act of 1984. **I understand that the Guideline Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate.** I further understand that under certain limited circumstances the court may depart upward or downward from the calculated guideline range.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as

to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

This agreement has been read to me in **Spanish** and I have carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it.

1/7/05
Date

Juan Felix
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the sentencing guideline concept with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

I translated or caused to be translated this agreement from English into **Spanish** to the defendant on 29th day of December, 2004.

1/7/05
Date

Thomas Jacobs
Attorney for Defendant

**UNITED STATES' APPROVAL**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

PAUL K. CHARLTON
United States Attorney
District of Arizona

1-7-05
Date

Glenn B. McCormick
Assistant U.S. Attorney

**COURT'S ACCEPTANCE**

8/7/06
Date

HON. ~~SUSAN R. BOLTON~~ ROSLYN O. SILVER
United States District Judge
For Hon. Roslyn O. Silver